UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

LEONARD W. HOUSTON,

                       Plaintiff,                             **ORDER**

          -against-                          24-cv-7637 (JGLC) (AEK)

WELLS FARGO, also known as WELLS FARGO
BANK, N.A., also known as WELLS FARGO
HOME MORTGAGE,

                      Defendant.
-------------------------------------------------------------X

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.**

       This matter has been referred to the undersigned for general pretrial supervision. ECF No. 10. While the action was commenced with the filing of the complaint on October 3, 2024, ECF No. 1, no summons has been issued, and there is no filing on the docket indicating that the complaint has been served on Defendant. On October 29, 2024, however, counsel for Defendant filed notices of appearance. ECF Nos. 7, 8.

       As a corporate entity, Defendant is entitled to formal service of process pursuant to Rule 4(h) of the Federal Rules of Civil Procedure. Because Plaintiff has been granted permission to proceed *in forma pauperis*, he may rely on the Court and the U.S. Marshals Service ("USMS") to effect service, and the Court ordinarily would issue an order directing service through the USMS. Because Defendant already appears to have notice of the action, this Court hereby directs counsel for Defendant to file a letter on the docket by **November 14, 2024** stating whether Defendant (i) requests that Plaintiff effect service of the summons and complaint directly on Defendant through the USMS, consistent with the requirements of Rule 4(h); (ii) will accept

service of the summons and complaint from the USMS through its counsel; or (iii) waives service of the summons and complaint.

If Defendant elects either the first or second option, the Court will then issue an order of service.

If Defendant elects the third option and agrees to waive service of the summons and complaint, Defendant's counsel must also complete the attached AO Form 399 and file the form on the docket. As noted on the form, if Defendant chooses this option, the deadline to serve an answer or a motion under Rule 12 of the Federal Rules of Civil Procedure will be 60 days from the date of this order—*i.e.*, January 6, 2025.

Dated: November 7, 2024
       White Plains, New York

SO ORDERED.

_____
ANDREW E. KRAUSE
United States Magistrate Judge

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| | |
|---|---|
| Leonard W. Houston <br> *Plaintiff* <br> v. <br> Wells Fargo <br> *Defendant* | ) <br> ) <br> ) Civil Action No. 24 Civ. 7637 (JGLC) (AEK) <br> ) <br> ) |

## WAIVER OF THE SERVICE OF SUMMONS

To: _____
*(Name of the plaintiff's attorney or unrepresented plaintiff)*

    I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

    I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

    I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

    I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____01/06/2025_____, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: _____

_____
*Printed name of party waiving service of summons*

_____
*Signature of the attorney or unrepresented party*

_____
*Printed name*

_____
*Address*

_____
*E-mail address*

_____
*Telephone number*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

    Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

    "Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

    If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

    If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

[ Print ]  [ Save As... ]  [ Reset ]