UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LEONARD W. HOUSTON,

                              Plaintiff,

          -against-

WELLS FARGO, also known as WELLS
FARGO BANK, N.A., also known as WELLS
FARGO HOME MORTGAGE,

                              Defendant.

24-CV-7637 (JGLC)

**OPINION AND ORDER**

JESSICA G. L. CLARKE, United States District Judge:

      Plaintiff Leonard W. Houston, who is appearing *pro se*, brings this action under the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691 *et seq.*, alleging that Defendant Wells Fargo denied his request for mortgage assistance in violation of ECOA by failing to specify the reasons for their decision. Before the Court is Defendant's motion to dismiss, as well as Plaintiff's motion for summary judgment. As set forth below, the Court grants Defendant's motion to dismiss, in part, to the extent Plaintiff intended to assert an ECOA discrimination claim. Plaintiff does appear, however, to plausibly state a claim that Defendant violated ECOA by failing to provide adequate explanation for its denial of Plaintiff's mortgage assistance request. Defendant's motion is therefore denied with respect to ECOA notification, and the action will not be dismissed. The Court will permit Plaintiff to file an amended complaint in order to cure deficiencies with respect to any discrimination claim under ECOA he intended to assert.

      The Court also denies Plaintiff's motion for summary judgment without prejudice—in other words, Plaintiff will be permitted to renew this motion. Plaintiff failed to comply with the Court's Individual Rules and the Local Rules on motions for summary judgment. And, as explained below, Defendant did not construe Plaintiff's ECOA claims as including a failure to

provide adequate notification claim. As such, Defendant did not brief or submit evidence responding to Plaintiff's motion in this regard. The Court denies summary judgment in this circumstance where Defendant's failure in this regard is excusable and where discovery could demonstrate that genuine issues of material fact exist.

Accordingly, Defendant's motion to dismiss is GRANTED in part and DENIED in part, and Plaintiff's motion for summary judgment is DENIED without prejudice. Plaintiff is permitted to amend his pleading.

## BACKGROUND

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010). The following facts are, unless otherwise noted, taken from the Complaint and presumed to be true for the purposes of the instant motion. *See LaFaro v. N.Y. Cardiothoracic Grp., PLLC*, 570 F.3d 471, 475 (2d Cir. 2009).

Plaintiff Leonard W. Houston is a citizen of the State of New York. ECF No. 1 ("Complaint" or "Compl.") at 2.[1] This action arises out of a 2004 mortgage attached to a property located at 138 Deer Court, Middletown, New York 10940 (the "Mortgage") with an original principal sum of $144,000. Over the subsequent years, the Mortgage was transferred

---

[1] Given the inconsistencies in pagination on Plaintiff's complaint, for the avoidance of doubt, the Court cites to pages by reference to the CM/ECF banner at the top of the document.

several times between various entities.[2] Defendant Wells Fargo Home Mortgage ("Wells Fargo")
currently services the Mortgage. Compl. at 9.

On July 24, 2024, Wells Fargo sent a letter to Plaintiff relating to, in part, missed
mortgage payments totaling around $4,600. *Id.* at 9–11. In the letter, Wells Fargo responded to an
inquiry from Plaintiff regarding payment assistance for the delinquent mortgage balance. *Id.* at 9.
The letter states that Plaintiff had been approved for a "short sale," which "may be a different
outcome" than the one Plaintiff requested. *Id.* A short sale would permit Plaintiff to sell the
mortgaged property for less than the full amount. *Id.* The letter informed Houston that he could
learn more about the review by Wells Fargo in the "Other assistance options results" section,
which presumably refers to a web portal Houston could access. *Id.*

On August 9, 2024, Wells Fargo sent another letter to Houston, informing him again he
did not meet the requirements for payment assistance, but that he could participate in a short sale.
*Id.* at 8. The August letter further informed Houston that, if he had any questions about Wells
Fargo's decision, he could contact a Home Preservation Specialist at Wells Fargo. *Id.*

---

[2] On May 29, 2004, Houston assigned the Mortgage to Aames Funding Corporation d/b/a Aames
Home Loan. Compl. at 13. The effect of an assignment was to, among other things, transfer the
"beneficial interest" under the Mortgage from the assignor to the assignee. *Id.* A few days later,
on June 4, 2004, Aames Home Loan wholly assigned the Mortgage to U.S. Bank National
Association, as Trustee for Credit Suisse First Boston Heat 2004-6 ("USBA Boston Heat"). *Id.*
On January 4, 2012, USBA Boston Heat assigned the Mortgage to US Bank National
Association, as Trustee for Home Equity Asset Trust 2004-6 Home Equity Pass-Through
Certificates, Series 2004-6 at 4601 Frederica St, Owenboro, KY 42301 ("USBA KY Trust"). *Id.*
On February 28, 2012, a Corrective Corporate Assignment of Mortgage was executed to update
the assignor to Accredited Home Lenders, Incorporate Successor by merger to Aames Funding
Corporation, d/b/a Aames Home Loan at 9915 Mira Mesa Blvd., Ste. 120, San Diego, CA 92131.
*Id.* at 14. The result, however, was the same as the January 2021 assignment: the Mortgage was
assigned to USBA KY Trust. *Id.*

Houston filed this action *pro se* on October 3, 2024, alleging that Wells Fargo took an "adverse action" against him in violation of ECOA by denying his written request for "Mortgage Assistance" and failing to state the specific reasons for that denial. *Id.* at 5. Plaintiff was permitted leave to proceed *in forma pauperis* on October 17, 2024. ECF No. 6. On January 6, 2025, Defendant filed the instant motion to dismiss ("MTD"). ECF Nos. 17, 18. On January 27, 2025, Plaintiff filed a motion for summary judgment. ECF No. 19. On February 10, 2025, Plaintiff also filed a motion purporting to oppose Defendant's request to stay briefing on the summary judgment motion pending adjudication of the MTD. ECF No. 23. Each of these motions will be resolved by this Order.

## LEGAL STANDARD

In reviewing a motion to dismiss under Rule 12(b)(6), the Court must "constru[e] the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Goldstein v. Pataki*, 516 F.3d 50, 56 (2d Cir. 2008) (internal citation omitted). A claim will survive a Rule 12(b)(6) motion only if the plaintiff alleges facts sufficient "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 678. If a complaint does not state a plausible claim for relief, it must be dismissed. *Id*. at 679.

4

*Pro se* complaints "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (internal citation omitted). "Such a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hughes v. Rowe*, 449 U.S. 5, 10 (1980) (internal citation omitted); *see also Boykin v. KeyCorp.*, 521 F.3d 202, 216 (2d Cir. 2008) ("[D]ismissal of a pro se claim as insufficiently pleaded is appropriate only in the most unsustainable of cases."). Because Plaintiff is proceeding *pro se*, the Court must liberally construe the Complaint and interpret it "to raise the strongest claims that it suggests." *Hardaway v. Hartford Pub. Works Dep't*, 879 F.3d 486, 489 (2d Cir. 2018) (internal quotation marks omitted).

## DISCUSSION

Section 1691e(a) of ECOA provides that "[a]ny creditor who fails to comply with any requirement imposed [by ECOA] shall be liable to the aggrieved applicant for any actual damages sustained by such applicant." Here, the Complaint does not specify which section of ECOA that Defendant has allegedly violated, but Defendant seeks dismissal by construing the Complaint as only raising an ECOA discrimination claim.

The remaining discussion proceeds as follows. First, to the extent Plaintiff intended to assert a discrimination claim, the Court finds that dismissal is required because the Complaint fails to plead any facts suggesting any discriminatory treatment by Defendant. Second, the Court finds that the Complaint does appear to assert a viable procedural notification claim under ECOA, which Defendant does not address in its motion to dismiss. Finally, the Court denies, without prejudice, Plaintiff's summary judgment motion with respect to the notification claim

5

because Plaintiff failed to comply with Local and Individual Rules in bringing this motion, and because Defendant understandably failed to address this claim.

Therefore, the Court partially grants Defendant's motion to dismiss, denies Plaintiff's motion for summary judgment, and will permit Plaintiff to amend his complaint.

## I.    Plaintiff Fails to State an ECOA Discrimination Claim

ECOA provides that it is "unlawful for any creditor to discriminate against any applicant, with respect to any aspect of a credit transaction" on the basis "of race, color, religion, national origin, sex or marital status, or age." 15 U.S.C. § 1691(a)(1). Therefore, a plaintiff may bring suit for "acts motivated by discriminatory intent or for policies that have a discriminatory impact." *Germain v. M & T Bank Corp*, 111 F. Supp. 3d 506, 525 (S.D.N.Y. 2015).

Courts in this Circuit routinely analyze ECOA discrimination claims using the burden-shifting analysis stated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Germain*, 111 F. Supp. 3d at 526 (collecting cases). Under this framework, (1) a plaintiff has the initial burden of making out an initial showing of discrimination; (2) assuming a plaintiff can do so, the burden then shifts to the defendant to identify a non-discriminatory reason for its actions; and (3) as a final step, the burden shifts back to the plaintiff to demonstrate the defendant's stated reason was a pretext for discrimination. *Id.*

Here, Plaintiff's complaint fails at the first step of *McDonnell Douglas.* To make an initial showing of ECOA discrimination, a plaintiff must allege that: "(1) he was a member of a protected class, (2) he applied for credit from the defendant, (3) he was qualified for credit but the defendant denied his credit application, and (4) the defendant continued to engage in the type of transaction in question with other parties with similar qualifications." *Id.* Even construed liberally, the Complaint fails to allege that Plaintiff belonged to a protected class, or that he was

6

denied assistance based on his membership in that protected class. Rather, Plaintiff merely contends that Defendant violated ECOA by failing to provide specific reasons for denying his requested assistance. Compl. at 5. These pleading deficiencies prevent any inference that Plaintiff was denied assistance in a discriminatory manner. Therefore, to the extent Plaintiff asserts an ECOA discrimination claim, it is dismissed without prejudice. *See Gorham-DiMaggio v. Countrywide Home Loans, Inc.*, 421 F. App'x 97, 100 (2d Cir. 2011) (affirming dismissal of ECOA discrimination claim where plaintiff failed to allege disparate treatment); *Lopez v. Genesis FS Card Servs., Inc.,* No. 21-CV-1370 (LTS), 2021 WL 1581566, at *2 (S.D.N.Y. Apr. 21, 2021) (dismissing ECOA complaint where it failed to show that the defendants discriminated against the plaintiff on the basis of a protected characteristic).

However, as explained below, if Plaintiff intended to assert a discrimination claim and he has facts to support this claim, he is permitted to amend his complaint and must include these allegations.

## II.    Plaintiff Appears to Plausibly State an ECOA Notification Claim

Defendant's motion to dismiss construes the Complaint as only alleging an ECOA discrimination claim. However, a close reading of the Complaint strongly suggests that Plaintiff may have intended to assert a *notification* claim under ECOA.

"In addition to its anti-discrimination provisions, ECOA also establishes procedural requirements for extending credit and communicating with applicants." *Germain v. M & T Bank Corp*, 111 F. Supp. 3d 506, 526 (S.D.N.Y. 2015) (internal citation and quotation marks omitted). Section 1691(d) provides that "[e]ach applicant against whom adverse action is taken shall be entitled to a statement of reasons for such action from the creditor" and that a creditor may satisfy this obligation by either "providing statements of reasons in writing as a matter of course

to applicants against whom adverse action is taken" or by "giving written notification of adverse action which discloses (i) the applicant's right to a statement of reasons within thirty days" and "(ii) the identity of the person or office from which such statement may be obtained." 15 U.S.C. § 1691(d)(2)(A)–(B).

The Complaint appears to allege a violation of this requirement. Indeed, the crux of the Complaint appears to be that Wells Fargo failed to state the reasons for the determination that Plaintiff did not qualify for other forms of payment assistance aside from a short sale. Compl. at 5. It is also evident that the letters from Wells Fargo do not explicitly provide a statement of reasons (or anything approximating such a statement) for denying Plaintiff's requested payment assistance. Compl. at 8–9. And Plaintiff appears to reference ECOA notification requirements in his opposition. *See* ECF No. 20 at 3 n.1. As such, the Complaint is not dismissed in full because Plaintiff appears to assert a viable claim for ECOA notification.[3]

### III.    Plaintiff's Summary Judgment Motion Is Denied Without Prejudice

Plaintiff's summary judgment motion is denied. First, Plaintiff failed to comply with the Local Rules and this Court's Individual Rules and Practices requiring, among other things, that he confer with Defendant and submit a joint Rule 56.1 Statement. Due to that failure, and the fact that Plaintiff's summary judgment motion comes before any discovery has been conducted and before Defendant filed an answer, Defendant has not properly addressed the substance of that motion.

The motion also appears to be premature given that discovery could reveal genuine issues of material fact. *See, e.g.*, *Doe v. Trustees of Columbia Univ. in the City of New York*, No. 21-CV-

---

[3] The parties did not brief, and the Court takes no position at this time, on whether Wells Fargo satisfied the notification obligation under ECOA in other ways.

5839 (ER), 2021 WL 4267638, at *1 (S.D.N.Y. Sept. 16, 2021) ("[C]ourts routinely deny

motions for summary judgment as premature when discovery over relevant matters is incomplete

or until the nonmoving party has had time to file a responsive pleading.") (collecting cases). For

example, Plaintiff has provided two letters which do indeed lack a statement of reasons for

denying his request for payment assistance. These letters could support an ECOA notification

claim. But discovery could easily reveal the existence of additional letters, communications, and

other relevant evidence that would create issues of fact making summary judgment inappropriate

at this stage.

Accordingly, Plaintiff's motion for summary judgment is denied without prejudice, but

Plaintiff is warned that he may only file one subsequent motion for summary judgment in this

case. If he chooses to do so before discovery has concluded and that motion is denied, the Court

will not permit him to file a third motion for summary judgment.

### IV.    Plaintiff Is Granted Leave to Amend His Complaint

"Leave to amend should be freely given, and a *pro se* litigant in particular should be

afforded every reasonable opportunity to demonstrate that [he] has a valid claim." *Atherley v.*

*N.Y.C. Dep't of Educ.*, No. 23-CV-383 (JGLC), 2024 WL 1345741, at *13 (S.D.N.Y. Mar. 29,

2024) (internal citation omitted). The Second Circuit interprets Rule 15 of the Federal Rules of

Civil Procedure liberally "consistent with [its] strong preference for resolving disputes on the

merits." *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 190 (2d Cir.

2015) (internal citation omitted); *see also Foman v. Davis,* 371 U.S. 178, 182 (1962) ("If the

underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he

ought to be afforded an opportunity to test his claim on the merits."). As such, Plaintiff is

permitted to amend his complaint to amend the deficiencies with any discrimination claim he intended to assert.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is GRANTED in part and DENIED in part, and Plaintiff's motion for summary judgment is DENIED without prejudice. Plaintiff may amend his complaint regarding any ECOA discrimination claim on or before **June 27, 2025**. Defendant must respond by **July 11, 2025**. The Clerk of Court is respectfully directed to terminate ECF Nos. 17, 19, and 23, and to mail a copy of this Order to Plaintiff.

Dated: June 4, 2025
      New York, New York

SO ORDERED.

*Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge