UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LEONARD W. HOUSTON,<br><br>　　　　　　　　Plaintiff,<br><br>　　-against-<br><br>WELLS FARGO,<br><br>　　　　　　　　Defendant. | 24-CV-7637 (JGLC)<br><br>**<u>ORDER</u>** |

JESSICA G. L. CLARKE, United States District Judge:

　　On June 18, 2025, the Court closed this case pursuant to Plaintiff's Notice of Voluntary Dismissal under Federal Rule of Civil Procedure 41(a)(1)(A)(i). ECF No. 28. On September 24, 2025, Plaintiff submitted a motion to reopen under Rule 60(b), alleging that Defendant assessed attorneys' fees against him in the instant action. ECF No. 31. For the reasons stated in Defendant's opposition, the motion is DENIED.

　　Rule 60(b) gives a district court discretion to "relieve a party . . . from a final judgment, order, or proceeding" under five enumerated circumstances or "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1). "Motions under Rule 60(b) are addressed to the sound discretion of the district court and are generally granted only upon a showing of exceptional circumstances." *Mendell In Behalf of Viacom, Inc. v. Gollust*, 909 F.2d 724, 731 (2d Cir. 1990) (citation omitted); *see also Esposito v. New York*, No. 07 CIV. 11612 SAS, 2010 WL 4261396, at *2 (S.D.N.Y. Oct. 25, 2010), aff'd, 453 F. App'x 37 (2d Cir. 2011). "Generally, courts require that the evidence in support of the motion to vacate a final judgment be 'highly convincing,' that a party show good cause for the failure to act sooner, and that no undue hardship be imposed on other parties." *Kotlicky v. U.S. Fid. & Guar. Co.*, 817 F.2d 6, 9 (2d Cir. 1987) (cleaned up).

　　Here, Mr. Houston has not produced any convincing evidence in support of his motion. The Affidavit of Rick Penno, a Vice President of Loan Documentation for Wells Fargo, attests

that the attorneys' fees added to Mr. Houston's mortgage loan account are unrelated to the instant proceedings, are explicitly contemplated in his Mortgage terms, and stem from a related lawsuit for foreclosure due to default. ECF No. 34 ¶¶ 7–9, 11; *see also* ECF No. 34-2 at 14–17. There is no evidence suggesting that the fees at issue stem from the present case.

      The Motion to Reopen is thus DENIED, and the Clerk of Court is respectfully directed to terminate ECF No. 31. To the extent Plaintiff's motion constitutes a motion for sanctions, that, too, is DENIED for the reasons stated herein.

      SO ORDERED.

Dated: October 30, 2025
       New York, New York

*Jessica Clarke*
_____
JESSICA G. L. CLARKE
United States District Judge